### CHAS. A. GRAVES *v.* J. M. CORBIN.

**Vendor and Purchaser—Purchase-money Notes—Foreclosure of Lien.**

> Where one is the holder and owner of three purchase-money notes secured by a lien retained in the deed, the court should, on decreing a sale of the land, direct the sale of so much of it as may be necessary to satisfy the judgment then rendered, leaving the deferred installment to have its lien on the remaining land.

APPEAL FROM BOONE CIRCUIT COURT.

March 8, 1873.

OPINION BY JUDGE LINDSAY:

It was error to adjudge a sale of the land, subject to the lien for a note for two thousand dollars not due when the judgment was rendered.

It is apparent from the pleadings that Corbin was the holder and owner of all three of the notes secured by the lien retained in the deed. Under such circumstances, there being no possibility of a contest as to priority, as is the case when the lien notes have been assigned, and are held by different persons, the court should have directed a sale of so much of the land as might be necessary to satisfy the judgment then rendered, leaving the deferred installment to have its lien on any remaining portion. *Emison v. Risk*, Mss. Opinion Sept. 5th, 1872. Hardin, Judge.

The sale of the absolute title is better calculated to invite competition in bidding, and is advantageous to both creditor and debtor.

Waiving any question as to the propriety of the action of the court in hearing the cause without giving appellant time to prepare his defense, inasmuch as the question will be re-opened by the reversal, no judgment should be rendered for the payment of the

notes sued on, until the question as to whether the infant heir of J. S. Nelson, deceased, will recover the six acres he has sued for, is determined. If these six acres are lost, and it is true that upon them are situated the buildings, orchard and garden, and that they are of the value suggested by appellant in his answer, or even approximate that amount in value, it may be proper to rescind the contract, instead of compelling the payment of the purchase money.

The judgment is *reversed* and the cause remanded for further proceedings consistent with this opinion.

*Stevenson & Myers, for appellant.*

*J. L. Corbin, for appellee.*